■ The People of the State of New York, Respondent, v. Frank Zanotti, Appellant.— Judgment, Supreme Court, Bronx County, of conviction of bribe receiving and related crimes, after trial to the court and a jury, rendered August 6, 1971, unanimously affirmed. Though there was present in court the transcript of an earlier trial, aborted by mistrial, the court and District Attorney both refused, despite defendant-appellant's plea of indigence, to cause that transcript to be made available to him. We consider this as error but the proof of guilt was so overwhelming as to cause us to disregard it as immaterial and harmless (Code Crim. Pro., § 542; see *People* v. *Peacock*, 37 A D 2d 999.) Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.

■ Employers' Liability Assurance Corporation, Appellant, v. Gotham Hotels, Ltd., et al., Respondents. Employers' Liability Assurance Corporation, Appellant, v. Gotham Hotels, Ltd., Respondent.— Order, Supreme Court, New York County, entered August 24, 1971, which denied plaintiff's motion for summary judgment is unanimously modified, on the law, to grant summary judgment on the issue of liability as against defendant Gotham Hotels, Ltd., with respect to the action brought on the general liability policies, and similarly against defendants Gotham Hotels, Ltd., and Gotham Goth-Well Associates, Inc., as to the action brought on the workmen's compensation policy, and the matter is remitted for an assessment to determine the amount of premiums due on the afore-mentioned policies; and to sever the action as against Sheridan Hotel Corporation of America; and, as so modified, the order is affirmed. Appellant shall recover of respondents Gotham Hotels, Ltd., and Gotham Goth-Well Associates, Inc., $50 costs and disbursements of this appeal. The papers submitted by plaintiff contain ample evidence to prove that the policies involved herein were issued for and at the request of the respective defendants. Of particular significance is the fact that the record shows numerous claims were made and paid with respect to each of the policies. In contrast to the detailed presentation submitted by plaintiff, defendants have interposed broad and conclusory general denials which fail to respond to the proofs submitted by plaintiff and which are insufficient to raise any triable issue of fact concerning defendants' liability on these policies (see *Kramer* v. *Harris,* 9 A D 2d 282; *Di Sabato* v. *Soffes,* 9 A D 2d 297.) However, a trial is necessary to ascertain the amount of premiums due. There is an absence of proof that the amounts in the audits were agreed to by duly authorized persons representing defendants and the source of the audits is not properly proven. Nor is there proof that the signature on the audits was made by a duly authorized representative. Additionally, the audits and figures contained therein are difficult of interpretation and are inadequately explained. Inasmuch as Sheridan Hotel did not properly appear below, the action as against it should be severed. Concur — McGivern, J. P., Markewich, Nunez, McNally and Tilzer, JJ.